UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| RVLOCK & CO, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MNDZ, LLC, a Utah limited liability company; and NICHOLAS MENENDEZ, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO SEAL (DOC. NOS. 2 & 21) AND DENYING DEFENDANTS' MOTION TO SEAL (DOC. NO. 26)**<br><br>Case No. 1:25-cv-00182<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

In this trade secret misappropriation action, the parties have filed various motions to seal.[1]  RVLock & Co, LLC, has moved for leave to file its complaint and first amended complaint under seal, generally asserting certain paragraphs contain "information from a confidential employment contract as well as trade secret information."[2]  MNDZ, LLC, and Nicholas Menendez oppose, arguing the contract is a standard document with no

---

[1] (Pl.'s Mot. for Leave to File [Compl.] Under Seal 1, Doc. No. 2; Pl.'s Mot. for Leave to File [Am. Compl.] Under Seal 1, Doc. No. 21; Defs.' Mot. for Leave to File Under Seal Ex. A to Defs.' Opp'n to Mot. for Leave to File Under Seal, Doc. No. 26.)

[2] (Mot. for Leave to File [Compl.] Under Seal 1, Doc. No. 2; Mot. for Leave to File [Am. Compl.] Under Seal 1, Doc. No. 21.)  Both motions seek to seal the same paragraphs of each pleading.  (*See* Sealed Compl. ¶¶ 15–23, Doc. No. 3 (discussing provisions of employment contract); Sealed Am. Compl. ¶¶ 15–23, Doc. No. 22 (same); *see also* Sealed Compl. ¶¶ 64–65, Doc. No. 3 (discussing transition document); Sealed Am. Compl. ¶¶ 64–65, Doc. No. 22 (same).)

sensitive information.[3]  The defendants attached a copy of the contract to their opposition, which they separately seek to seal solely because RVLock asserts it is confidential.[4]  In reply, RVLock abandons its request to seal information concerning the contract.[5]  But RVLock argues paragraphs 64 and 65 of its complaint and first amended complaint name a supplier and discuss business plans for a product, which is confidential and proprietary information that would affect the company's competitiveness if disclosed.[6]

RVLock's motions are granted in part and denied in part, and the defendants' motion is denied.  "Courts have long recognized a common-law right of access to judicial records."[7]  Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[8]  But the right of public access is "not absolute."[9]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the

---

[3] (Opp'n to Mot. for Leave to File Under Seal (Opp'n) 2–3, Doc. No. 25.)

[4] (Defs.' Mot. for Leave to File Under Seal Ex. A to Opp'n, Doc. No. 26.)

[5] (Reply in Supp. of Mot. for Leave to File Under Seal 3, Doc. No. 30 (explaining it sought to seal the portions discussing the contract "out of an abundance of caution" and, in light of the defendants' opposition, "is amenable to unsealing information concerning the contract").)

[6] (*See id.* at 2–3.)

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] DUCivR 5-3(a)(1).

[9] *Colony Ins. Co.*, 698 F.3d at 1241 (citation omitted).

public interests in access."[10]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[11]  For example, documents containing sensitive, proprietary information concerning a party's business practices may properly be sealed,[12] whereas a mere "interest in preserving the confidentiality of [a] contract does not necessarily constitute a sufficiently substantial justification."[13]

Here, because RVLock no longer seeks to seal information concerning the contract, the defendants' motion to file the contract under seal and RVLock's motions to seal the paragraphs in its pleadings discussing the contract are denied.  But where paragraphs 64 and 65 of the complaint and first amended complaint appear to discuss RVLock's product, supplier, and business plans, RVLock has demonstrated an interest sufficient to justify sealing these limited portions of the pleadings.[14]  Accordingly, RVLock's motions are granted as to paragraphs 64 and 65.

---

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

[12] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016); *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[13] *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019).

[14] This ruling may be revisted if, at a later stage in the case, it can be shown RVLock's continued interest in sealing the information no longer heavily outweighs the public's interest in access.

CONCLUSION

RVLock's motions to seal[15] are granted in part and denied in part, the defendants' motion to seal[16] is denied.  The court orders as follows:

1.      Within seven days, RVLock must file new versions of the complaint and first amended complaint, redacting only the provisions identified in paragraphs 64 and 65.  The unredacted versions of these pleadings[17] shall remain sealed until otherwise ordered.

2.      The document temporarily sealed[18] in connection with the defendants' opposition brief shall be unsealed.  Specifically, the clerk is directed to unseal the filing at docket number 28.

DATED this 20th day of April, 2026.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[15] (Doc. Nos. 2 & 21.)

[16] (Doc. No. 26.)

[17] (Doc. Nos. 3 & 22.)

[18] (Doc. No. 28.)